The opinion of the court was delivered by
Bermudez, C. J.
This is a suit to compel the defendants to comply with an adjudication made to them of certain real estate in this city, for $11,700.
The defence is, ’that the title offered, describes the lots as carrying the batture privilege, or right of accretion, when, in truth, the plaintiffs have no right thereto, for the reason that titles of their authors to them make no conveyance thereof.
Prom an adverse judgment, the defendants appeal.
The property adjudicated, consisting of three contiguous lots, is described as situated in a square bounded by Jena, Water street, Napoleon avenue and the Mississippi river, having a stated front on Water street, and extending in depth to the waters of the river, together with all rights of batture, or accretion, whether the same is now formed or hereafter to be formed, without any reservation whatsoever.
These lots were sold to the company represented by the plaintiffs, under the same description, by Widow Seiler, as universal legatee of her husband. . ,
The latter’s title, derived from the Millaudcns, contains a description of the lots as bounded by Jena and Water streets, Napoleon avenue and the Mississippi river, fronting on Water street, with a stated approximated depth, without any guarantee as to measurement.
The property thus sold measured, each lot, some thirty feet front, on a depth of a little more than three hundred feet.
*473 Accretions have since formed successively and imperceptibly to the first quantity of soil by which the river water line was distanced by about six hundred feet.
The right of the Millaudons to the batture at the time of sale is not disputed.
The contention is, that as the deeds to Seiler are reticent as to the right to batture, and merely mention the river line as a boundary, all the accretions since formed have not enured to Seiler and his assigns. In other words, that the description given is an exclusion of land not described.
It is admitted that other lots above the avenue fronting on the river were sold at the same auction at which Seiler bought, to various purchasers, and that all the deeds, except Seiler’s, contained an express mention of the right of batture being sold.
Jena street and Napoleon avenue run perpendicular apparently to the river. On Water street, which runs parallel with, or in the same sense as the river, the levee existed at the time. Since, it bias been removed therefrom and built nearer the river, so that the land in controversy lies back of the old levee to the river water line.
The only question presented is: Whether the title made to Seiler carried with it a right to alluvion soil in posse, which now constitutes the 600 feet mentioned.
The sale was by metes and bounds, as concerned the front and rear lines.
Had the titles to Seiler described the lots as measuring so many feet front on the river, between Jena street "and Napoleon' avenue,, extendingan depth to Water street, on whieh the levee stood, there could have been little or no room for discussion; for it is settled beyond the possibility of a doubt, that the words “front to the river," “frente alrio" convey a riparian estate and that, under them, the vendee is entitled to the river for his boundary. 6 M. 216; 18 L. 259; 9 M. 656; Cambre vs. Cohn, 8 N. S. 596.
The ruling in the last mentioned case, invoked by the defendants,, itself recognizes the correctness of the doctrine. In expounding the law, the court said, however, that it is “not applicable, to a sale1 made of a certain limited part, taken from a whole tract of land, when, at the time of sale, the vendor held in full property another part between that sold and the river.”
In the more recent case of Ferrière vs. New Orleans, 35 An. 309, it- *474 was held that when property was sold, fronting and ending on the levee and not on the river, the sale embraced all the rights of property which the owner had in the premises, up to, but not beyond the levee, and, therefore, that the vendor had not conveyed the batture accretion or alluvion right. This case is but a corollary of previous ones.
The right to future alluvial formations is a vested right inherent in the property, thus: ‘ ‘ The portion added is not considered as new land. It is part of the old, which acquires the same qualities and which- belongs to the same owner, in the same manner as the increase by the growth of a tree makes part of the tree.” 8 N. S. 567; 18 L. 54; 13 A. 105.
In the present case, the sale is not of a certain limited part, taken from a whole tract of land, and the vendors at the time of sale did not hold any other between that sold and the river.
The sale was from the levee then ir existence on Water street to the river, and included, not only the soil actually susceptible of possession, but besides, all such other as might be subsequently formed in the course of time, labentibus annis, or in addition, as an increment, to that conveyed.
It is to be observed that the measurement of the lateral lines is not fixed and determined with precision. It shows that it was not possible to do otherwise, precisely because the probability of accretions had entered into the minds of both vendor and purchaser. Hence it is, that the act declares that the sale is made without guarantee as to measurement. The declaration is clearly indicative that the vendor was unwilling to be bound as selling a certain limited part which was not ascertainable, but designed to sell the property such as it was and might thereafter be in area.
Such being the case, what difference is there between selling front to the river with a depth extending from it to a parallel or similar line, and selling front on such line with a depth extending from it to ■the river?
In either case the superficies would be the same and the rights to the batture alike.
Under no conceivable contingency would the vendor pretend not to have sold the whole of it, and claim an inch of ground between the river and the street and the latteral lines; for the plain reason that having divested himself of all title to the land comprised *475 between the front and rear lines and the side limits, he could not be permitted to gainsay and repudiate his acts and revendieate what has passed by his free volition from him to his vendee for due consideration.
There is.no force in the contention that, because at the time of the auction sale, at which Seiler acquired, other lots were sold to other purchasers, with the batture right expressly mentioned, and because such right was not thus mentioned in his deed, he did not ■acquire it.
The mention of the batture right as conveyed in the other title was surplusage.' The omission of it from Seiler’s title is innocuous. As the property sold to those parties extended to the river, as it did in Seiler’s act, the purchasers would have acquired, as Seiler has, without such mention.
The conclusion is, therefore, that Seiler acquired not only the soil in esse at the time he purchased, but also the right of the batture or alluvion soil, susceptible of formation in futuro; that his rights passed to his widow as his universal legatee, and from her to the company now represented by the plaintiffs as commissioners and that the title offered by them to the defendants is such as they are bound to accept.
Judgment affirmed.